

FILED
2006 Aug-11 AM 10:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **DONNA BURTON,**      ) | |
| ) | |
| **Plaintiff,**      ) | |
| ) | |
| vs.      ) | **Civil Action No. CV-06-S-1259-M** |
| ) | |
| **DENNIS FINNEY,** *et al.,*      ) | |
| ) | |
| **Defendants.**      ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Donna Burton, commenced this action in the Circuit Court of St. Clair County, Alabama, on May 17, 2006. She asserted claims for negligence, wantonness, recklessness, and wilfullness against defendants Dennis Finney, Violet Gipson, Warehouse Associates, and Harco Insurance Company. All of plaintiff's claims arise out of a motor vehicle collision involving plaintiff's vehicle and a tractor-trailer rig driven by Finney while he was, allegedly, acting within the line and scope of his employment with Violet Gipson and Warehouse Associates. Plaintiff seeks an unspecified sum of money damages to compensate her for physical injuries, physical pain, mental anguish, medical treatment, loss of ability to conduct normal activities, permanent impairments, and damage to her vehicle.[1]

Defendants jointly removed the action to this court on June 29, 2006, asserting

---

[1] *See* Complaint, appended to doc. no. 1 (Notice of Removal).

federal jurisdiction based on satisfaction of the requirements of the diversity statute, 28 U.S.C. § 1332.  The pertinent portion of that statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).[2]  Plaintiff subsequently moved to remand the case to state court, asserting that the parties are not of diverse citizenship, and that the amount in controversy has not been satisfied.[3]  That motion presently is before the court.

Plaintiff's assertion that the parties are not of diverse citizenship is completely without merit.  Satisfaction of the diversity statute requires "complete diversity" of citizenship — *i.e.,* "the citizenship of every plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth,* 428 F.3d 1317, 1320 n.2 (11th Cir. 2005) (citing *Palmer v. Hospital Authority of Randolph County,* 22 F.3d 1559, 1564 (11th Cir. 1994)).  That requirement clearly is satisfied here, because, according to the allegations of plaintiff's complaint, plaintiff is an Alabama resident; defendants Dennis Finney, Violet Gipson, and Warehouse Associates are residents of the State of Ohio; and defendant Harco Insurance Company is a resident of the State of

---

[2]*See* doc. no. 1 (Notice of Removal).
[3]Doc. no. 3.

Illinois.[4]

Plaintiff also clams the jurisdictional amount in controversy cannot be satisfied. Specifically, she states that "[t]he Summons and Complaint did not specify a demand that meets the jurisdictional requirement; plus, Defendants have valued the case at one-thousand five-hundred dollars ($1,500.00) based upon Defendants' assessment of the damage to their truck and point of impact."[5]  In her reply submission, plaintiff states that "[j]urisdiction of the State court does not fail; in that, Plaintiff's complaint made no demand as to sum for damages [sic]."[6]  Plaintiff's arguments misconstrue the standard for determining satisfaction of the jurisdictional amount in controversy.  The issue is not how much monetary damage *defendants* incurred, nor whether the state court *could* exercise jurisdiction over the case, nor whether plaintiff made a specific monetary damage demand exceeding the amount in controversy.  Instead, the court must analyze the jurisdictional issue under the framework set out in the following paragraphs.

"When jurisdiction is premised on the diversity of the parties, the district court is obligated to assure itself that the case involves the requisite amount in

---

[4]*See* Complaint, at ¶¶ 1-5.  Plaintiff also asserts claims against several fictitious defendants. However, there is no provision for fictitious party practice under federal law or rules of procedure. *See*, *e.g.*, 28 U.S.C. § 1441(a) (last sentence) (stating that, for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded").

[5]Doc. no. 3 (Motion to Remand), at 1.

[6]Doc. no. 5 (plaintiff's reply brief), at ¶ 3.

controversy." *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (citations omitted).[7] Further, the court must focus upon the amount that was in controversy, based on the allegations of plaintiff's complaint, *on the date the case was removed from state court. See, e.g., Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 n.13 (11th Cir. 1994) ("Jurisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*.") (emphasis in original) (citations omitted); *see also, e.g.*, *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) (same) (citing *Poore v. American-Amicable Life Insurance Co. of Texas*, 218 F.3d 1287, 1289-91 (11th Cir. 2000)); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989) (same).

Defendants therefore bear the burden of proving that the requisite jurisdictional amount was in controversy on the date of removal because, whenever a plaintiff "fails to specify the total amount of damages demanded" in a state court complaint — either by demanding a specific sum in compensatory damages, but an indefinite amount as punitive damages, or by not designating any amounts at all (*e.g.*, "compensatory and

---

[7]An "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998)); *see also, e.g.*, *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (stating that "a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises"). Further, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999).

punitive damages in such amounts as the jury may award") — then "a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard*, 279 F.3d at 972 (emphasis supplied) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) ("[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement."), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).

Here, defendants assert the amount in controversy is satisfied because of "the very nature" of plaintiff's damage requests for bodily injuries, pain, mental anguish, medical expenses, loss of ability to conduct her normal daily activities, permanent impairments, and damage to her vehicle.[8]  Plaintiff also alleges that defendants committed "negligent, wanton, reckless and willful and culpable acts."[9]  As defendants point out, plaintiff could receive a punitive damage award on her claims for defendants' alleged wanton and reckless behavior. *See Morgan Keegan & Co. v. Cunningham,* 918 So. 2d 897, 902 (Ala. 2005) ("Punitive damages must be supported

---

[8]Doc. no. 4 (defendants' response to motion to remand), at ¶ 2.

[9]Complaint, at ¶ 12.

by *clear and convincing evidence* 'that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff.'" (quoting Ala. Code § 6-11-20(a)) (emphasis in original).

Defendants also agreed to stipulate to remand, if plaintiff would agree to stipulate that she would, "under no circumstances[,] seek or accept more than $75,000.00, even if the jury verdict exceeds that amount . . . ."[10] Plaintiff refused to stipulate to such a limitation on her damage award, stating that she "does not have sufficient information to admit or deny that damages will exceed $75,000.00," because her medical treatment is ongoing, and her physicians' evaluations of her are not yet complete.[11]

Even so, plaintiff's refusal to stipulate is not sufficient, standing alone, to establish satisfaction of the amount in controversy. As the Eleventh Circuit held in *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316 (11th Cir. 2001), the refusal of the plaintiff and her attorney "to stipulate that Plaintiff's claims do not exceed and will not exceed the sum of $75,000.00," *id.* at 1318, did not alone satisfy the removing defendant's burden of proof.

> In this case, it is not facially apparent from Williams' complaint that the amount in controversy exceeds $75,000. We therefore look to Best

---

[10]Doc. no. 4 (defendants' response to motion to remand), at ¶ 4.

[11]Doc. no. 6 (plaintiff's response to defendants' request for admissions), at ¶¶ 1-2.

> Buy's notice of removal. Although the notice of removal clearly asserts that the jurisdictional requirement is satisfied, the only fact alleged in support of that assertion is that Williams refuses to stipulate that her claims do not exceed $75,000. *There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy Best Buy's burden of proof on the jurisdictional issue*. Thus, the pleadings are inconclusive as to the amount in controversy.

*Id.* at 1320 (emphasis supplied).

Further, the court concludes that defendants have failed to produce any *other* proof sufficient to satisfy their burden. Defendants' conclusory allegation — that plaintiff's damage claims, "by their very nature," will lead to an award in excess of the jurisdictional threshold — is not sufficient. *See Williams,* 269 F.3d at 1319-20 ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, *without setting forth the underlying facts supporting such an assertion*, is insufficient to meet the defendant's burden.") (emphasis supplied); *see also Holman v. Montage Group,* 79 F. Supp. 2d 1328, 1330-31 (S.D. Ala. 1999) (rejecting the defendant's "bald assertion" that, "given 'the nature of [the plaintiff's] allegations,'" the amount in controversy was satisfied).

Nevertheless, the court is not convinced that federal jurisdiction does *not* exist. Defendants may very well be correct that the damages recoverable on plaintiff's claims would easily exceed the jurisdictional minimum. There simply is not enough

evidence in the current record for the court to make that determination.[12]

Accordingly, defendants are ORDERED to file an amended response to plaintiff's motion to remand on or before August 24, 2006. The amended response shall offer further proof — including, but not limited to affidavits or citations to comparable cases within the relevant jurisdiction in which damages in excess of the jurisdictional threshold were awarded — that the jurisdictional amount in controversy is satisfied. *See, e.g., Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.,* 995 F. Supp. 1388, 1392 n.4 (M.D. Ala. 1998); *Holman,* 79 F. Supp. 2d at 1330. Plaintiff is ORDERED to file any reply to defendants' amended submission on or before August 31, 2006.

DONE this 11th day of August, 2006.

_____
United States District Judge

---

[12]The Eleventh Circuit faced a similar situation in *Williams,* wherein it stated:

> It is not clear, however, that the jurisdictional requirement is *not* satisfied. Although the present record is inconclusive, the value of Williams' claims could conceivably amount to more than $75,000. As noted, her complaint demands general, special, and punitive damages for permanent physical and mental injuries, as well as substantial medical expenses, lost wages, and diminished earning capacity for an indefinite period of time.

*Williams,* 269 F.3d at 1320. The court observed that, "[b]ased on these allegations, the amount in controversy might well exceed the jurisdictional amount." *Id.* It then remanded the case to the district court for further factual findings on the jurisdictional issue. *Id.* at 1321.