FILED
2006 Sep-07 PM 02:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DONNA BURTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-06-S-1259-M |
| ) | |
| DENNIS FINNEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This action is before the court on plaintiff's motion to remand the case to the Circuit Court of St. Clair County, Alabama, from which it was removed.[1] This court entered a memorandum opinion and order on August 11, 2006, setting forth the relevant standards for determining whether the jurisdictional amount in controversy is satisfied in a case like this one, where plaintiff failed to specify the total amount of damages demanded in her state court complaint.[2] The court also ordered defendants to submit additional proof — including affidavits or citations to comparable cases within the relevant jurisdiction in which damages in excess of the jurisdictional threshold were awarded on similar facts and causes of action — that the jurisdictional amount in controversy is satisfied.

---

[1] Doc. no. 3.
[2] Doc. no. 7.

The only "proof" defendants offered in response is the fact that plaintiff refused to stipulate to an amount in controversy less than $75,000.00.[3]  As this court held in its prior opinion, plaintiff's refusal to stipulate is not sufficient, standing alone, to establish satisfaction of the amount in controversy.[4]  Defendants also point out that plaintiff's post-accident injuries were sufficiently serious for her to request ambulance assistance.[5]  However, defendants offer no proof of the *nature* of plaintiff's injuries, and no *additional* proof of the *extent* (seriousness) of her injuries. Plaintiff's request for ambulance assistance also is insufficient, standing alone, to demonstrate that plaintiff will, if she prevails, more likely than not recover more than $75,000.00 for her injuries.

Defendants assert that their inability to offer additional proof is plaintiff's fault. Defendants state that they have requested itemized lists of damages and copies of medical records and bills from plaintiff, but she has been unresponsive. Although plaintiff's evasiveness is not commendable, defendants cite no authority (and the court has found none) to support their equitable argument that they should be relieved of their burden of establishing federal jurisdiction because plaintiff has refused to disclose information to them. Defendants also do not explain why they failed to cite

---

[3]*See* doc. no. 9, at ¶¶ 1-3.
[4]*See* doc. no. 7, at 6-7.
[5]Doc. no. 9, at ¶ 4.

to comparable cases within the relevant jurisdiction showing damage awards in excess of the jurisdictional threshold.

Thus, defendants are left only to assert that the nature of plaintiff's injuries, the treatment she sought for those injuries, and the requests for damages she has asserted, all seem to suggest that she will be able to recover more than $75,000.00. As this court held in its prior opinion, such a conclusory assertion is not sufficient to confer jurisdiction.[6]

Defendants have failed to meet their burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. Accordingly, the requirements of diversity jurisdiction are not satisfied, and this case is due to be remanded to the Circuit Court of St. Clair County, Alabama, from which it was removed. An appropriate order will be entered contemporaneously herewith.

DONE this 7th day of September, 2006.

                                      /s/ Lynwood Smith
                                      United States District Judge

---

[6] *See* doc. no. 7, at 7.